1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9
10   FRED G, SWANIGAN,                           No. C 09-2091 WHA (PR)

11              Petitioner,                      **ORDER TO SHOW CAUSE**

12     v.

13   BEN CURRY, Warden,

14              Respondent.
                                          /
15   ————————————————————————

16       Petitioner, a California prisoner currently incarcerated at the Correctional Training

17   Facility in Soledad, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C.

18   § 2254.  He has paid the filing fee.  The petition attacks denial of parole, so venue is proper in

19   this district, which is where petitioner is confined.  *See* 28 U.S.C. 2241(d) (venue proper in both

20   district of conviction and district of confinement).

21                              **STATEMENT**

22       In 1981 a Los Angeles County jury found petitioner guilty of first degree murder.  He

23   was sentenced to prison for twenty-five years to life.  He alleges that he has exhausted these

24   parole claims by way of state habeas petitions.

25                              **DISCUSSION**

26   A.    **STANDARD OF REVIEW**

27       This court may entertain a petition for writ of habeas corpus "in behalf of a person in

28   custody pursuant to the judgment of a State court only on the ground that he is in custody in

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose*

2  *v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading

3  requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ

4  of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state

5  court must "specify all the grounds for relief which are available to the petitioner ... and shall

6  set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of

7  the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254.  "'[N]otice' pleading is not

8  sufficient, for the petition is expected to state facts that point to a 'real possibility of

9  constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d

10  688, 689 (1st Cir. 1970).  "Habeas petitions which appear on their face to be legally insufficient

11  are subject to summary dismissal."  *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d

12  1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

13  **B.    LEGAL CLAIMS**

14          The petition is directed to a denial of parole on August 30, 2007.  As grounds for federal

15  habeas relief, petitioner asserts that (1) he has a liberty interest in parole; and (2) his due

16  process rights were violated by the Board's use of the unchangeable facts of his offense as

17  grounds to deny parole and by the lack of  "some evidence" to support denial of parole.  The

18  first of his contentions, while correct, *see McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir.

19  2002) ("California's parole scheme gives rise to a cognizable liberty interest in release on

20  parole."), is not grounds for habeas relief in itself and will be dismissed.  The second issue is

21  sufficient to require a response.  *See Biggs v. Terhune*, 334 F.3d 910, 916-17 (9th Cir. 2003)

22  (warning that repeated denial of parole based on unchanging characteristics of offense might

23  violate due process); *McQuillion*, 306 F.3d at 904 (due process requires that at least "some

24  evidence" support parole denial).

                              **CONCLUSION**

25

26      1.  Issue one is **DISMISSED**.

27      2.  The clerk shall mail a copy of this order and the petition with all attachments to the

28  respondent and the respondent's attorney, the Attorney General of the State of California.  The

**United States District Court**
For the Northern District of California

1   clerk shall also serve a copy of this order on the petitioner.

2        2.  Respondent shall file with the court and serve on petitioner, within sixty days of the

3   issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing

4   Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

5   Respondent shall file with the answer and serve on petitioner a copy of all portions of the state

6   trial record that have been transcribed previously and that are relevant to a determination of the

7   issues presented by the petition.

8        If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

9   court and serving it on respondent within thirty days of his receipt of the answer.

10       3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer,

11  as set forth in Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a

12  motion, petitioner shall file with the court and serve on respondent an opposition or statement of

13  non-opposition within thirty days of receipt of the motion, and respondent shall file with the

14  court and serve on petitioner a reply within 15 days of receipt of any opposition.

15       4.  Petitioner is reminded that all communications with the court must be served on

16  respondent by mailing a copy of the document to respondent's counsel.  Papers intended to be

17  filed in this case should be addressed to the clerk rather than to the undersigned.  Petitioner also

18  must keep the court informed of any change of address by filing a separate paper with the clerk

19  headed "Notice of Change of Address," and comply with any orders of the court within the time

20  allowed, or ask for an extension of that time.  Failure to do so may result in the dismissal of this

21  action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez*

22  *v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

23       **IT IS SO ORDERED.**

24  Dated:  June ___11___, 2009.

25                                                     WILLIAM ALSUP
                                                       UNITED STATES DISTRICT JUDGE

26

27

28

G:\PRO-SE\WHA\HC.09\SWANIGAN2091.OSC.wpd