UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED G. SWANIGAN,<br><br>                 Petitioner,<br><br>  vs.<br><br>BEN CURRY, Warden,<br><br>                 Respondent.       /<br><br>FRED G. SWANIGAN,<br><br>                 Petitioner,<br><br>  vs.<br><br>BEN CURRY, Warden,<br><br>                 Respondent.       / | No. C 09-1933 WHA (PR)<br>No. C 09-2091 WHA (PR)<br><br>**ORDER DENYING PETITIONS FOR A WRIT OF HABEAS CORPUS; DENYING MOTION TO DISMISS PETITIONS** |

**INTRODUCTION**

These two habeas corpus petitions were filed by a state prisoner pursuant to 28 U.S.C. 2254 directed to a decisions in 2006 and 2007 by the California Board of Parole Hearings ("Board") finding petitioner unsuitable for parole. In each case, respondent was ordered to show cause why the petition should not be granted, respondent filed an answer denying the petition, along with a supporting memorandum and exhibits, and petitioner filed a traverse. For the reasons set forth below, the petitions for a writ of habeas corpus are **DENIED**.

//

**STATEMENT**

In 1981, petitioner was sentenced to a term of twenty-seven years to life in prison following his conviction for first-degree murder with the use of a firearm. The first of the two federal petitions addressed in this order (case number C 09-1933 WHA (PR)) challenges the Board's denial of parole in 2006. Petitioner challenged the Board's decision in habeas petitions filed in all three levels of the California courts. The Los Angeles County Superior Court denied the petition in an explained opinion (Resp. Ex. 2). The California Court of Appeal and the Supreme Court of California issued summary denials (Resp. Exs. 5, 6).

The second of the two federal petitions addressed in this order (case number C 09-2091 WHA (PR)) challenges the Board's denial of parole at petitioner's next parole hearing, in 2007. Petitioner again challenged this decision in habeas petitions filed in all three levels of the California courts. As with petitioner's challenge to the Board's earlier decision, the Los Angeles County Superior Court denied his habeas petition in an explained opinion (Resp. Ex. 2), and the California Court of Appeal and the Supreme Court of California issued summary denials (Resp. Exs. 5, 6).

**ANALYSIS**

**A.    STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the

2

Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.  The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340.  This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001).  A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Ibid.*

Under 28 U.S.C. 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).  Here, the opinions of the California Court of Appeal and the California Supreme Court are summary.  The superior court opinions are the last reasoned opinions to address petitioner's claims, and they are consequently the operative state court decisions for purposes of Section 2254(d).

**B.    CASE NUMBER C 09-1933 WHA**

In this petition, petitioner challenges the Board's denial of parole at the 2006 parole hearing. Petitioner's remaining grounds for federal habeas relief are that (1) his equal protection rights were violated when the Board did not set a "primary term;"(2) there was not "some evidence" to support

3

the denial of parole, in violation of his right to due process; and (3) the denial of parole violated due process because it was largely based upon the unchanging characteristics of petitioner's conviction offense in the face of extensive evidence of rehabilitation.

### 1. **Equal Protection**

Petitioner contends that the denial of parole violated his right to equal protection because he is being treated differently than another inmate named Mikael Schiold. According to petitioner, Mr. Schiold was a California prisoner who obtained a "settlement agreement" with the State of California under which he was "transferred to" Sweden where he was to be held in custody until January 1, 2007. Petitioner complains that he is being discriminated against because, unlike Mr. Schiold, petitioner is not being transferred to another country and has not been given a date for his release from custody.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). The allegations in the petition establish that petitioner is not "similarly situated" to Mr. Schiold in that Mr. Schiold was granted parole by the Board and petitioner was not. Moreover, Mr. Schiold is a foreign national and petitioner is not. There is no indication or allegation that any foreign country has any interest in receiving petitioner into their custody and then releasing him at any particular date, as was the case with Mr. Schiold. As petitioner is not similarly situated to Mr. Schiold, the fact that he is not receiving the same treatment as Mr. Schiold does not violate his right to equal protection.

### 2. **Due Process**

Petitioner claims that his right to due process was violated because there was not "some evidence" to support the denial of parole, and because the denial of parole was largely based upon the unchanging characteristics of petitioner's conviction offense in the face of extensive evidence of rehabilitation

The Due Process Clause does not, by itself, entitle prisoners to release on parole in the

4

absence of some evidence of their current dangerousness. *Hayward v. Marshall*, 603 F.3d 546, 555, 561 (9th Cir. 2010) (en banc). Under California law, however, "some evidence" of current dangerousness is required in order to deny parole. *Id.* at 562 (citing *In re Lawrence*, 44 Cal.4th 1181, 1205-06 (2008) and *In re Shaputis*, 44 Cal.4th 1241 (2008)). This requirement gives California prisoners a liberty interest protected by the federal constitutional guarantee of due process in release on parole in the absence of "some evidence" of their current dangerousness. *Cooke v. Solis*, No. 06-15444, slip op. 1, 15-16 (9th Cir. June 4, 2010) (citing *Hayward*, 603 F.3d at 561-64); *Pearson v. Muntz*, No. 08-55728, slip op. 7791, 7799-7800 (9th Cir. May 24, 2010) (citing *Hayward*, 603 F.3d at 561-64).

When a federal habeas court in this circuit is faced with a claim by a California prisoner that their right to due process was violated because the denial of parole was not supported by "some evidence," the court "need only decide whether the California judicial decision approving" the denial of parole "was an 'unreasonable application'[] of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'" *Hayward*, 603 F.3d at 562-63 (quoting 28 U.S.C. 2254(d)(1)-(2)); *Cooke*, slip op. at 15.

California's "some evidence" requirement was summarized in *Hayward* as follows:

> As a matter of California law, 'the paramount consideration for both the Board and the Governor under the governing statutes is whether the inmate currently poses a threat to public safety.' There must be 'some evidence' of such a threat, and an aggravated offense 'does not, in every case, provide evidence that the inmate is a current threat to public safety.' The prisoner's aggravated offense does not establish current dangerousness 'unless the record also establishes that something in the prisoner's pre- or post- incarceration history, or his or her current demeanor and mental state' supports the inference of dangerousness. Thus, in California, the offense of conviction may be considered, but the consideration must address the determining factor, 'a current threat to public safety.'

*Hayward*, 603 F.3d at 562 (quoting *Lawrence*, 44 Cal.4th. at 1191, 1210-14); *see also Cooke*, slip op. at 16-18 (describing California's "some evidence" requirement). Under California law, "the aggravated nature of the crime does not in and of itself provide some evidence of *current* dangerousness to the public unless the record also establishes something in the prisoner's pre- or postincarceration history, or his or her current demeanor and mental state, indicates that the implications regarding the prisoner's dangerousness that derive from his or her commission of the

5

1  commitment offense remain probative of the statutory determination of a continuing threat to public
2  safety." *Lawrence*, 44 Cal.4th at 1214 (emphasis in original); *see Hayward*, 603 F.3d at 562 (same);
3  *Cooke*, slip op. at 18 (same).

4      With respect to the commitment offense, there was evidence that petitioner walked into the
5  victim's office with a gun and a bandana, shot him at close range and killed him, covered his face
6  with the bandana, and walked out of the office, all because the victim had caused damage to
7  petitioner's car (Pet. Ex. A at 10-14). Petitioner denied committing the murder, but the Board and
8  the state court could reasonably find from this evidence that petitioner acted very dangerously and
9  brutally when he planned and deliberately carried out an execution-style murder for very trivial
10 reasons (*id.* at 54; Resp. Ex. 2 at 1-2). Petitioner had prior convictions for carrying a concealed
11 weapon and driving under the influence of alcohol (Pet. Ex. A at 19-24). Although there was
12 evidence of petitioner's rehabilitation in prison in that he had completed substantial educational,
13 self-help and vocational programs (*id.* at 56), and he received a psychological evaluation supportive
14 of his release on parole (*id.* at 55), there was also evidence that petitioner's progress was relatively
15 recent. In particular, petitioner had a very poor disciplinary record in prison up until 1996, receiving
16 fourteen serious rules violations (*ibid.*). The Board and state court could reasonably conclude that
17 the positive aspects of petitioner's rehabilitation were too recent to outweigh the fact that he had an
18 extensive record of violating serious prison rules for the majority of his stay in prison, and that such
19 a record indicated that the dangerousness petitioner exhibited when he committed the murder
20 remained "probative of the statutory determination of a continuing threat to public safety." *See*
21 *Lawrence*, 44 Cal. 4th at 1214. Moreover, the circumstances of petitioner's commitment offense, in
22 addition to his prison disciplinary record, can amount to "some evidence" of his current
23 dangerousness under California law because petitioner had not yet served the base term of his
24 sentence of twenty-seven years to life. *See id.* 44 Cal.4th at 1211 (not until after California prisoners
25 "have served their suggested base terms" do the underlying circumstances of the commitment
26 offense fail to provide a valid basis for denying parole).

27     The state courts, in upholding the Board's decision, reasonably applied California's "some
28 evidence" requirement and reasonably determined the facts in light of the evidence in the record.

1  *See Hayward*, 603 F.3d at 563.  Therefore, the state courts' denial of his federal due process claims
2  was neither contrary to nor an unreasonable application of federal law, and petitioner is not entitled
3  to habeas relief on his petition in case number C 09-1933 WHA (PR).

**C.   CASE NUMBER C 09-2091 WHA**

In this petition, petitioner challenges the Board's denial of parole at the 2007 parole hearing. Petitioner's remaining grounds for federal habeas relief are that his due process rights were violated by the Board's use of the unchangeable facts of his offense as grounds to deny parole and by the lack of "some evidence" to support denial of parole.

As described in greater detail above, this court must decide whether the state superior court decision approving the Board's denial of parole "was an 'unreasonable application'[] of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'"  *Hayward*, 603 F.3d at 562-63 (quoting 28 U.S.C. 2254(d)(1)-(2)); *Cooke*, slip op. at 15.  Under California law, there must be "some evidence" of petitioner's current dangerousness such that the public would be at risk if he were released on parole.  *See Hayward*, 603 F.3d at 562; *Lawrence*, 44 Cal.4th. at 1191, 1210-14.

The superior court held that the Board's decision was supported by at least "some evidence" that petitioner was not suitable for parole (Resp. Ex. 2 at 3).  As in its prior decision in 2006, the Board cited "cruel and callous manner" in which the crime was committed and its very trivial motive (Pet. Ex. A at 91).  To be sure, this fact was slightly weaker evidence of petitioner's current dangerousness in 2007 than it had been in 2006.  This was not the only evidence of petitioner's unsuitability, however.  The Board again cited the many serious rules violations petitioner committed in prison (*id.* at 93).  The Board also cited petitioner's outbursts of frustration at the hearing as evidence that anger is still a problem for him (*id.* at 94-96; *see id.* at 26-32).  The Board noted that while petitioner's recent psychological evaluations were positive his older evaluations discussed personality disorders of paranoia, narcissism, and passive-aggressive personality, and it found that his display of anger and frustration at the hearing suggested that such personality disorders might still be a problem and indicate a risk of his current dangerousness (*id.* at 93-96). The state court reasonably found that this constituted "some evidence" of his current dangerousness,

7

notwithstanding the evidence that petitioner had made progress in prison via vocational, educational and self-help programs, had positive psychological evaluations, and had adequate parole plans. This is especially true where, as here, the denial of parole did not occur after petitioner had exceeded the suggested base term of his sentence of twenty-seven years to life.

In sum, the state court reasonably applied California's "some evidence" requirement in upholding the Board's denial of parole, and reasonably determined the facts in light of the evidence in the record. *See Hayward*, 603 F.3d at 563. Moreover, contrary to petitioner's claim, the record establishes that the Board did not deny parole solely because of the unchanging factor of the nature of petitioner's offense. Therefore, the state court's rejection of petitioner's due process claim was neither contrary to nor an unreasonable application of federal law.

## CONCLUSION

For the foregoing reasons, the petitions for a writ of habeas corpus are **DENIED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find the denial of his claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, certificates of appealability are not warranted in these cases.

The application to proceed in forma pauperis (docket number 2) in case number C 09-2091 WHA (PR) is **GRANTED**.

The clerk shall enter judgment in each of these cases and close the files.

**IT IS SO ORDERED.**

Dated: June  22 , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.09\SWANIGAN1933&2091.RUL.wpd

8